## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| WESLEY ANDERSON, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CASE NO:** |
| : | **7:24-cv-005–WLS** |
| : | |
| JONATHAN A. HINDI, : | |
| USA FORCES LLC and : | |
| PROGRESSIVE SOUTHEASTERN : | |
| INSURANCE COMPANY, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER AND NOTICE OF
## MOTION FOR SUMMARY JUDGMENT

On October 23, 2025, Defendants Jonathan A. Hindi, USA Forces, LLC, and Progressive Southeastern Insurance Company filed a Motion for Summary Judgment against Plaintiff Wesley Anderson. (Doc. 23). Upon reviewing the docket, the Court notes that an Order (Doc. 22) was entered August 26, 2025, granting a motion to withdraw filed by Plaintiff's original counsel, Jody D. Peterman and the law firm of Jody D. Peterman.[1] The August 26, 2025 Order advised Plaintiff of his responsibilities while he was proceeding *pro se*, pending notice of appearance of his new counsel. Specifically, Plaintiff was notified that:

> Unless and until Plaintiff's new counsel enters an appearance, Plaintiff is solely responsible for the prosecution of his case. This includes, but is not limited to, . . . making court appearances, timely responding to opposing counsel's motions and requests, familiarizing himself with the Federal Rules of Civil Procedure and Evidence, complying with the Court's discovery and scheduling order, and preparing for trial. Failure or refusal to meet these obligations could result in

---

[1] The motion to withdraw (Doc. 21) advised the Court that on August 20, 2025, via text, Plaintiff notified the Peterman Firm that he had retained new counsel and that their representation was terminated. Per such motion, on August 22, 2025, Plaintiff's new counsel, Hodgins and Kiber of Atlanta, Georgia, contacted the Peterman Firm and requested a copy of Plaintiff's file. To date the Hodgins and Kiber firm has not filed a notice of appearance.

> sanctions or adverse consequences, including and up to dismissal of the complaint.

(Doc. 22 at 2). The Court reminds Plaintiff that because a notice of appearance has not been entered by new counsel, he is proceeding in this action *pro se*. The docket reflects the Clerk's entry of a Notice to *Pro Se* Party of Motion for Summary Judgment (Doc. 24) ("Notice") advising that such motion has been filed as well as an entry that the Clerk mailed the Motion for Summary Judgment to Plaintiff via United States Postal Service, including all attachments referenced therein. (Doc. 24 & docket entry of October 24, 2025).

The Notice advises Plaintiff of his duties with respect to responding to a motion for summary judgment and of potential consequences for failure to properly respond. In cases where motions for summary judgment are filed against a party who is proceeding *pro se*, it is the Court's practice to also inform the *pro se* party, in writing and in more detail, of the requirements surrounding a motion for summary judgment and the potential consequences of failing to properly respond. The Court deems it appropriate and necessary to take this opportunity to do so to insure that a *pro se* plaintiff receives adequate notice (1) that a motion for summary judgment has been filed against him in this case, (2) that he has the right to oppose the granting of said motion, and (3) that failure to oppose said motion may result in a final judgment being rendered against him. Nothing in this Order, nor the failure of new counsel to enter an appearance, relieves or should be understood to relieve Plaintiff of his responsibility to prosecute and defend his complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court with which Plaintiff is also required to become familiar. Plaintiff is **NOTIFIED** as follows:

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be filed and granted if there exists no genuine issue of material fact for trial. Under the procedures and policies of this Court, motions for summary judgment are normally decided on briefs. The parties may submit their arguments to the Court by filing briefs in support of, or briefs in opposition to, such motions. The party opposing the motion for summary judgment – here, Plaintiff Wesley Anderson – may not rest upon the pleadings but must respond with affirmative affidavits, depositions, documents or rely on evidence that is part of the record.

Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4. In addition to submitting his brief in opposition or response to Defendants' Motion for Summary Judgment, Plaintiff must also attach a separate and concise statement of facts, numbered separately, to which Plaintiff contends there exists a genuine dispute to be tried. *See* M.D. Ga. L.R. 56. Plaintiff must also respond to each of Defendants' numbered material facts. All material facts contained in Defendants' statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate. All documents and other record materials relied upon by Plaintiff in opposing Defendant's Motion for Summary Judgment must be clearly identified, and where available, dates, specific page numbers, and line numbers must be given. M.D. Ga. L.R. 56.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN A <u>FINAL</u> JUDGMENT AGAINST YOU, IF OTHERWISE APPROPRIATE UNDER THE LAW.** The Court could grant judgment to Defendants and there would be no trial or further proceedings.

Accordingly, Plaintiff is **ORDERED AND DIRECTED** to file a response to said **MOTION FOR SUMMARY JUDGMENT WITHIN TWENTY-ONE (21) DAYS OF THE DATE THE MOTION WAS FILED BY DEFENDANTS**. Defendants shall have fourteen (14) days from the filing of Plaintiff's response, if any, to submit a reply to the response. Thereafter, the Court will consider Defendants' Motion for Summary Judgment and any opposition to the same filed by Plaintiff and issue its ruling.

**SO ORDERED**, this 27th day of October 2025.

<u>/s/ W. Louis Sands</u><br>
**W. LOUIS SANDS, SR. JUDGE**<br>
**UNITED STATES DISTRICT COURT**

3